The government has conceded that Mr. Fields' conviction for Missouri reckless assault falls squarely within this Court's holdings in Asana Donbus. That holding states that, quote, statutes that encompass reckless driving that results in a serious injury is not a crime of violence under the Fourth Clause, end quote. This concession by the government is dispositive because this panel only needs to apply that line of case law that's well-established. The government, in its brief, I think does an excellent job of trying to fight uphill battle to state that Asana Donbus has been overruled. But I think when this Court applies simple rules of jurisprudence, you see that no court has overruled that trio of cases. Let's turn first to the Fogg case. Of course, that's a panel opinion that was handed down by this Court last year. And we know for two reasons that Fogg did not overrule Asana Donbus. The first reason is that it was analyzing a distinct issue. Of course, it was Minnesota drive-by shooting. And that panel issued a common-sense, plausible approach to that, that shooting at a building involves violent physical force. But the government, I think, attempts to extract too much from that holding. Well, I can extract quite a lot from footnote 4 in Boise. Yes, Your Honor. Yes, Your Honor. And I think that's a great— All we say is that Leocal's exclusion of accidental conduct from the definition hinging on use of force is in no way inconsistent with our inclusion of reckless conduct in a similarly worded provision. That, to me, seriously undermines the Asana-like cases. If broadly—if construed as broadly Asana, I remember, was an Arizona statute that turned on that specific statute. It's interesting— So forget about controlling precedent. What's wrong with Fogg's interpretation of what I just read from Boise? Well, it's interesting because I think we have—I think it's a great point. I think footnote 4 is the bedrock of why Asana Donbus, our good case law— concerning Section 921, which, of course, is the Misdemeanor Domestic Violence Act. That's a different statute than what we're analyzing today. Scope does not resolve whether a crime of violence includes reckless behavior. Courts have sometimes given those statutory definitions divergent readings in light of differences in their context and purposes, and we do not foreclose that possibility with respect to the requirement of states. So I think Boise has expressly reserved the issue, and I think that's critical to understand because if the Supreme Court's reserved the issue, it can't be read to overrule Asana Donbus. It hasn't gotten there yet, and I think that's what you need to overrule. Asana Donbus is an intervening Supreme Court case, and that just hasn't happened yet. Turning back to Fogg, though, I think the other important issue about Fogg and Asana Donbus is that they can peacefully coexist. There's not an inherent tension. What we need to do in applying the Force Clause is look at the crime on a case-by-case basis. Has there been violent physical force? And again, I think Fogg reaches its result, which is a plausible common-sense approach, and Asana Donbus reaches another conclusion in a different context, and there's not any tension. But let's just say this panel finds that there is. I think the other reason why we know Fogg hasn't overruled Asana Donbus is because he didn't state it was overruling any cases. And in this Court, the Eighth Circuit's not shy in stating when it's overruling its prior case law. The other reason why Fogg didn't overrule Asana Donbus is because the government's conceded that one panel opinion may not overrule another panel opinion, of course, unless you engage the en banc procedures for rehearing. And that's the government's other alternative here. They don't like Asana Donbus. They can file a petition for rehearing. But absent that, I think Asana Donbus or governing authority. The final reason why Fogg hasn't overruled Asana Donbus is, of course, if there is an inter-circuit split of authority, I don't think there is one, Asana Donbus governs because they came first pursuant to this Court's rule that the prior case law governs. And I think another reason why Asana Donbus governs is that it's had broad support from this Court. Several judges have signed off on one or more of those opinions. And just last year, the Garcia-Longoria case said, at least in some cases, recklessness does not satisfy the crime of violence. So I think the government's entire case hangs on boyzine. And for some reasons I've already discussed, boyzine just doesn't answer that question, because it's an entirely different statute of the Misdemeanor Domestic Violence Act. And the government's entire argument hangs on boyzine. The problem is that you have to go back further in time to understand this Supreme Court's case law that disposes of this issue. And that starts at Johnson 1 in 2010. Johnson 1 says it has to be – We've heard all that. Sure. Does any case hold that Mathis applies the guidelines crime of violence issues after Beckles? That's a fair question, Your Honor. And I'm thinking – I guess I don't know why it wouldn't. I think we – Well, it's not – Mathis isn't going to be retroactive. But does it even – when Beckles says, you know, forget Johnson, you're using the guidelines. Wow. Why is Mathis – because if we get to the modified categorical approach here, I think you're in trouble. Right, if Mathis doesn't apply, right? But I think Mathis does apply, and I'll tell you why. The terms crime of violence and violent felonies have always been thought of as interchangeable. The case law applies. And what we'd be doing is we'd have two totally different ways of analyzing the case law, and I think it would be causing quite a mess in our current thinking of how we interpret those two terms. They're virtually identical. I think the Eighth Circuit has repeatedly held. So the more I think about it, I don't know why Mathis wouldn't apply. I think the government has conceded it's applied in this appeal. In fact, we made an objection at the trial court, district court, saying you can't consider the facts, and the district court actually sustained that objection. So I don't think those facts are even in evidence. So part of those reasons – and I think the other reason why Boise doesn't help the government here is that if this court were to re-decide Osana, Boose, and Don, I think it would reach the same result. And the government's argument is that basically there's no difference between a misdemeanor in plate-throwing in a kitchen and a drive-by shooting in a felony. But, of course, there's a difference. I mean, these are categorically different crimes, and district courts throughout the nation have held that the government's argument that they've repeated throughout the nation is a, quote, comical misfit. And the reason why it's a comical misfit is because, again, going back to the force clause, you have to see if violent force has been used, and they just haven't. So hitting a victim in the head with a bottle and stabbing him with a butcher knife is violent? Is it an issue in Boise? Fair point, Your Honor. Of course, we can't get to those facts. Well, I don't know what would be in the Shepard-authorized documents if we could use the modified categorical approach. I think I'm taking facts or the government's taking facts from the PSR. Again, I don't think you can do that. Again, we objected, and Osana, Don, and Boose says statutes that encompass reckless driving that results in serious injury. That's Missouri case law. That's Section 565.060.1. If we get to the modified categorical approach and there is something in a document we can consider that recites those were the basis for the conviction here, that's a crime of violence. I disagree that you can get to those specific facts. But you don't know what was in the charging documents or the plea colloquy or the jury instructions, do you? I mean, I don't. I don't think that's in them. It's not the brief. The only thing that matters underneath the modified categorical analysis is what's the specific subsection of conviction. Nothing more. That's it. Full stop. Well, the camp may be, math is sure, but not pre-the-camp. And that all applies. I don't see any reason why there's camps. Because all of this analysis was based on fear of Prendi and Booker and that constitutional problem that doesn't exist when you're in the guidelines. And I would go back to my same points that crime of violence, violent felony are interchangeable. I think the 8th Circuit has held that. That's my contrary on that one, which you probably are aware of. They're rather stupid limitation of burglary to residential burglary. The Supreme Court said otherwise. Fair enough, Your Honor. Thank you. Thank you. Ms. Denning? Thank you, Your Honor. May it please the Court. My name is Allison Denning, and I represent the government. I was the attorney that handled the prosecution of this case. However, I was not at the sentencing. I reviewed the sentencing transcript, of course, and the conversation there was fairly straightforward. As the government has indicated in its brief, the government clearly believes that the defendant's prior conviction under the Missouri second-degree assault section, subsection 3 of the statute that's been cited by opposing counsel today, is a crime of violence under the guidelines. And the government did not concede that the prior precedent in Osana, Don, and Booth somehow settles the issue clearly. The issue and argument by the government is that Voisin effectively overruled the reasoning in each of those cases. And that fog. Effectively overruled. It didn't overrule it expressly or literally or fairly construed. It casts significant doubt. That's a fair statement. The government- Okay. And fog doesn't. Fog just sort of opens the door to the traditional Taylor and Shepard analysis of this statute, right? Well, I think what fog does is it recommends- Those cases don't categorically make this a crime of violence. If the state statute as construed by the state Supreme Court wouldn't take us there under Taylor and Shepard, doesn't that have to be right? If the particular statutes involve reckless driving resulting in injury? No, this statute. This statute recklessly causes serious physical injury to another person. And there are only two elements to this statute. There's actually a case that's cited by both parties in their briefs. But the how is recklessly construed by the Missouri Courts. Does it include reckless or negligent driving, DWI? Reckless. It is separate. And the cases that were cited by Mr. Fields in his brief regarding the stating that the Missouri Courts have somehow interchanged those two mens rea are not persuasive. The cases are each cited. I think in each of those cases, they were considering two different convictions. And so in a manslaughter conviction, the requirement was negligence. And in the assault conviction, it was reckless. And so there are some quotes from those cases cited- But you're not talking categorical analysis. You're not talking Taylor, Shepard, DeKalb, Mathis. You don't talk those. Don't tell me fog overruled Osana and I win. That doesn't work. The government's position is that this particular statute is divisible. The parties agree on that, and it's clear from prior Eighth Circuit rulings. Okay, but is sub three divisible? No, there are two- I got the right one. You have. You have the right one. There are two elements to this. Ariando, the Western District Court of Appeals case from Missouri, tells us there are two elements. One is that the person recklessly causes. And two, substantial physical injury to another person. And with those being the two elements, the government believes that if we are to apply the reasoning of Mathis, that the means of how you recklessly cause that injury is irrelevant. It's unimportant. So these prior cases that talk about reckless conduct- But how do the state courts define reckless in this statute? Do they define it in the way that Boise, the criminal recklessness, which of course we apply all the time in our deliberate indifference inquiries under Section 1983, as defined by the Supreme Court, I think, in Farmer v. Brennan, which is cited in Boise. Is that the way the Missouri courts define, limit the definition of the element of reckless here? Yes. Okay, what's the Missouri Supreme Court decision that tells me that? I'm not aware of the Missouri Supreme Court. I'm dealing with the cases that were cited by the parties. And the statutory definition- What's your best case for that proposition? Each of the cases that were cited in the briefs. Is there a case that says negligent conduct does not violate this subsection? The government believes that each of the three cases that we've covered in response. Morrison, Arilano, and there's a- The first case is there's Morrison, there's Arilano, and there's a third case that both parties cite. It's the Riondo case. Well, under Missouri, can you be convicted for reckless driving of this statute? Without a doubt. Okay, so reckless driving is encompassed. So in your theory, reckless driving is a crime of violence? Yes. What about when the Supreme Court said drunk driving's not? Well, I think that under- if you look at the statute in this case, there is actually a separate subsection that deals with direct operating motor vehicle- So isn't- I mean, intuitively, when I was practicing law, which admittedly was many, many years ago, our goal was always to get a drunk driving pled down to a reckless driving. So you were saying, you know, that's not- Intuitively, that just doesn't make sense. I'm not saying it's not legally correct, but intuitively, I've always thought that drunk driving was a much more serious offense than reckless driving. And that may have to do with sort of a societal look at that, but I think the mistake would be to assume that if this statute criminalizes reckless driving resulting in injury, that that means only- that that must mean drunk driving resulting in injury. And it may be used by prosecutors in that vein. However, that's not what's required by the statute. So, in other words, one of the cases that was discussed by the Missouri Appellate Courts talked about the defendant was complaining that he had already been convicted in municipal court for a- driving on the wrong side of the road. So you think Voisin overruled the gay? I don't believe that that's the case. I think what Voisin said was that the reckless- that reckless was sufficient for a use of force. And so I'm not making that position. Well, why- of course, that was Missouri felony DWI, which required three- third time. Well- And it was not sufficiently intentional. I think- Bottom line of the game. And I believe that that analysis in terms of whether or not reckless driving is similar in kind to other cases under the residual clause, the kind of cases- If the statute in the gay had said recklessly- had said reckless, then the decision would have gone the other way. Well, I can't presume, but- Right, but do you think that's- do you think that's what the court was telling us in Voisin? I think what Voisin was doing was examining the use of force clause and a similarly worded clause to force clause under the ACCA as Fogg eventually recognized. But this term of use of force, that the use can be reckless, is what Voisin was considering. And I think that when you then look at this particular statute, in light of other cases and the requirement of violent force, I think that the court could easily hold that this particular offense under subsection 3 does require the kind of violent force that is discussed in those other cases. And that is because, for one thing, substantial physical injury is required. So with that sort of causation element of the statute, the government would believe that there's inferred in that in order to cause substantial- excuse me, I keep saying substantial, but the phrase is serious- that that implies the use of significant violent force or requisite, I guess I should say. Additionally, as I stated, the fact that it requires only those two elements, recklessly causing and then the serious physical injury to another person, the means of how that is being done, whether it's by a car or whether it's by a gun or whether it's by throwing the plate, that's part of the analysis of the government, that if you do a modified approach and it's true that reckless mens rea is sufficient to be a use of force, then under the statute, that's why Voisin had such an impact on the reasoning of the O'Donoghue and Booth cases. I'm not following you. Are you saying we can get into the facts? No. Okay, we can't. So it makes no difference if it's serious physical injury that results from reckless driving, throwing a plate, or hitting a person over the head with a bat and shooting them. Right. And so under that- And if we disagree and therefore need the modified categorical approach, do you agree that it's foreclosed by math? Concede, I should say. Well, I think that math actually supports the government's reasoning in this case because the modified categorical- No, it doesn't. Not if .1 for M3 is not itself divisible. .13 includes reckless driving, which is considered to be following Osana, not intentional use of force. And then, therefore, the question is, but some crimes clearly involve reckless use of physical force, like this one. And the charging documents and plea documents make that clear, but math just doesn't let us get there, or does it? I don't believe- Because it's a guidelines case. Right. You haven't- I have not, Your Honor. I see that my time is up. Thank you. Thank you. Mr. Goldberg? No, I think your time is up. The argument has been good. We've gone through this issue in multiple permutations, so we'll take this one.